■ JEAN-CLAUDE SYLLAS, Appellant, v MESHA KESHERIA CASSELLS et al., Respondents. [998 NYS2d 213]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated April 8, 2014, which, upon renewal, adhered to its original determination in an order dated May 7, 2013, granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to the plaintiff's left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua,* 59 AD3d 614 [2009]). The defendants also submitted evidence establishing, prima

facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.